UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  JS-6

| Case No. | CV 12-9288 CAS (SHx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD V. ZULEMA PINTADO | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not Present    Not Present

**Proceedings:** **(In Chambers:) NLRB'S APPLICATION FOR ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA AD TESTIFICANDUM (Docket #1, filed October 30, 2012)**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of January 28, 2013 is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

On October 30, 2012, plaintiff National Labor Relations Board ("NLRB") filed an application in this Court pursuant to 29 U.S.C. § 161(2) for an order requiring compliance with a subpoena ad testificandum issued to respondent Zulema Pintado ("Pintado"). Respondent filed an opposition to the application on December 21, 2012, and plaintiff filed a reply on December 27, 2012. Plaintiff's application is before the Court.

## II.    BACKGROUND

The subpoena that is the subject of this application was issued in connection with the NLRB's investigation of an unfair labor practice charge. The charge was filed on April 10, 2012 by Teamsters Local 630 ("the Union") against Marquez Brothers Enterprises, Inc. ("Marquez") with Region 21 of the NLRB. The charge alleged, among other things, that Marquez retaliated against employees for engaging in protected activity. The NLRB's investigation seeks to determine, among other things, whether it should file a complaint against Marquez. Respondent Pintado is a Marquez employee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-9288 CAS (SHx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD V. ZULEMA PINTADO | | |

The subpoena was issued to respondent on June 20, 2012, and requests that he provide testimony about thirty-nine separate points related to the termination of former Marquez employees. See NLRB Ex. 2. Marquez filed a petition to revoke this subpoena, and on August 23, 2012, a three-member panel of the NLRB denied Marquez' petition. Subsequently, respondent was ordered to testify on September 12, 2012 regarding the matters set out in the original subpoena. Respondent did not appear, prompting the NLRB to file this application.

### III. ANALYSIS

The Ninth Circuit has explained that "[t]he scope of [a court's] inquiry in an agency subpoena enforcement proceeding is narrow." NLRB v. North Bay Plumbing, Inc., 102 F.3d 1005, 1007 (9th Cir. 1996). In such a proceeding, the Court considers three questions: "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." Id. If these three questions are answered in the affirmative, the subpoena must be enforced unless the opposing party shows that the subpoena is overbroad or unduly burdensome. Id.[1]

The parties do not appear to contest whether Congress has granted the NLRB authority to investigate, and the Court agrees. Pursuant to 29 U.S.C. § 161(1), the NLRB has broad authority to "issue subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding." North Bay Plumbing, 102 F.3d at 1008.

Respondent does, however, argue that NLRB has violated procedural requirements in this case. Specifically, respondent argues that the subpoenas are an improper attempt to secure pretrial discovery under the guise of an investigation, and that no further subpoenas are necessary for the NLRB's investigation because it already has adequate information from which to decide whether it should file a complaint. The Court rejects

---

[1] While defendant's brief contains arguments seeking to distinguish North Bay Plumbing, 102 F.3d 1005, the Court is not persuaded that North Bay Plumbing is distinguishable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-9288 CAS (SHx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD V. ZULEMA PINTADO | | |

both arguments. With respect to the first argument, the Ninth Circuit has squarely rejected the theory that a subpoena issued during an NLRB pre-complaint investigation is an impermissible attempt to take pretrial discovery. North Bay Plumbing, 102 F.3d at 1008 (holding that the NLRB was not conducting "improper pre-trial discovery" by issuing investigative subpoenas because it "was merely exercising its congressionally authorized investigative powers, nothing more."). With respect to the second argument, respondent's position is inconsistent with the broad grant of investigative authority in 29 U.S.C. § 161(1), which states that the NLRB may pursue information that "relates to any matter under investigation." Furthermore, as the NLRB points out, § 11770.2 of the NLRB's Casehandling Manual Part One Unfair Labor Practice Proceedings ("CHM") states that a Regional Director has "full discretion to issue precomplaint investigative subpoenas ad testificandum . . . seeking evidence from parties and third party witnesses whenever the evidence sought would materially aid" the decision whether to issue a complaint. See CHM §§ 11770, 11770.2. Therefore, the NLRB, and not this Court, is tasked with determining whether it has enough information to decide whether it should issue a complaint. Accordingly, it would be improper for the Court to refuse to enforce a subpoena on the grounds that it believes a Regional Director has sufficient information on which to decide whether to file a complaint.

Respondent also argues that the subpoena seeks irrelevant information, and derisively characterizes the subpoena as a "fishing expedition." Reviewing the subpoena, this does not appear to be the case. Here, the NLRB is investigating a charge filed by the union that Marquez "has suspended and/or terminated Luis Ramos, Jose Castillo, Omar Martinez and Brian Guzman in retaliation for their engaging in union and/or protected concerted activity." NLRB Ex. 1 (see section labeled "basis of charge"). The information sought by the subpoena is plainly relevant to investigating this charge: it seeks information regarding the reasons Brian Guzman, Omar Martinez, Luis Ramos, was fired. NLRB Ex. 2. Consequently, it appears that the subpoena is directed to the issue that the NLRB has pursued from the outset of this investigation.

Finally, respondent argues that the subpoena is unduly burdensome and violates state privacy law. The former argument must be rejected because the only burden identified by respondent is that the time he spends testifying is time he cannot spend discharging "critical job duties," and the fact that testifying requires some time and energy cannot be grounds for not enforcing an otherwise valid subpoena. The latter argument has already been squarely rejected by the Ninth Circuit in North Bay Plumbing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 12-9288 CAS (SHx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD V. ZULEMA PINTADO | | |

which considered the argument that certain subpoenas violated "state privacy laws" and rejected it because "investigations for federal purposes may not be prevented by matters depending upon state law." North Bay Plumbing, 102 F.3d at 1009. Moreover, even if state law were applicable, respondent points to no compelling private information that would be disclosed in plaintiff's testimony.[2]

## IV.   CONCLUSION

The NLRB's application for an order requiring compliance with the subpoena is hereby GRANTED. Respondent is ORDERED to give testimony and answer questions related to the matters to be covered in the attachment to Subpoena ad Testificandum No. A-886822.

IT IS SO ORDERED.

                                                                                                                                               00   :   00

                                                        Initials of Preparer          CMJ

---

[2] Respondent's opposition suggests that Martinez will harass and violently retaliate against her if she is forced to testify. Opp. at 18 (citing Opp. Exs. A, B, H). Respondent does not, however, point to any record evidence supporting this assertion.